UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAYIDEN HUSSEIN MOHAMED,

Plaintiff,

v.

DEPUTY RICHARD, et al.,,

Defendants.

C16-124-TSZ

ORDER

THIS MATTER comes before the Court upon plaintiff's Objections to the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge, docket no. 25, and plaintiff's motion for appointment of counsel, docket no. 23. Having reviewed all papers in support of and opposition to the motions, the Court enters the following Order.

Plaintiff brings this case pursuant to 42 U.S.C. § 1983 alleging a violation of his First and Sixth Amendment rights. Plaintiff is a prisoner in custody at the King County Correctional Facility in Seattle, Washington. He claims that on two occasions his "legal mail" was opened outside his presence. Judge Donohue granted defendants' motion to dismiss, reasoning that one of the letters opened was from the Clerk of this Court, and

ORDER - 1

thus not legal mail for purposes of the First and Sixth Amendments, and that opening a single piece of legal mail does not give rise to a constitutional violation.  *See* R&R, docket no. 22, at 4-5.  In his objections, docket no. 25, plaintiff essentially repeats the argument that each letter was legal mail and that they are sufficient to sustain a claim under § 1983.

The Court first agrees with Judge Donohue that letters from the Court, as opposed to from a prisoner's attorney, are not "legal mail" for purposes of the First or Sixth Amendment.  *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996); *see also Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (concluding there is no reason to provide mail from courts with elevated protection when such documents are publicly available).  Thus, the issue is whether a corrections officer opening a prisoner's legal mail outside of the prisoner's presence on a single occasion can state a claim under § 1983.  Judge Donohue correctly determined that it cannot.  Courts have regularly required more than "an isolated incident of mail tampering" to sustain a constitutional claim.  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *see also Meador v. Pleasant Valley State Prison*, 312 Fed. App'x 954, 956 (9th Cir. 2009) ("This isolated incident, without a showing of actual injury or improper motive, cannot by itself establish a violation of his right of access to the courts.").  Thus, the Court ADOPTS the R&R and this action is DISMISSED with prejudice.

Having thus dismissed this case, the Court DENIES plaintiff's motion for appointment of counsel, docket no. 23.  There is no special entitlement to counsel in § 1983 actions.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  District courts

ORDER - 2

may under "exceptional circumstances" appoint counsel for indigent civil litigants.  28 U.S.C. § 1915(e)(1).  "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these considerations is dispositive and instead must be viewed together."  *Palmer*, 560 F.3d at 970 (internal quotations and citations omitted).  There is no likelihood of success on the merits, as the Court is dismissing the case, and the case is not overly complex.  Accordingly, plaintiff's motion for appointment of counsel, docket no. 23, is DENIED.

      IT IS SO ORDERED.

      Dated this 23rd day of August, 2016.

Thomas S. Zilly
United States District Judge

ORDER - 3